# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

ARTURO GALVAN,

    Plaintiff,

v.

    Civil Action 2:17-cv-1053
    Judge George C. Smith
    Magistrate Judge Chelsey M. Vascura

FRANKLIN COUNTY SHERIFF
DEPARTMENT, *et al.*,

    Defendants.

## REPORT AND RECOMMENDATION

This matter is before the United States Magistrate Judge for a Report and Recommendation on the Court's April 11, 2018 Order and Third Notice of Deficiency where the Court directed Plaintiff to pay the filing fee or submit proper documentation showing he is unable to pay the fee. (ECF No. 4.) For the reasons that follow, it is **RECOMMENDED** that Plaintiff's action be **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

### I.

Plaintiff filed this action on December 6, 2017. (ECF No. 1.) Because Plaintiff had not paid the filing fee, he was ordered to either pay the $400 filing fee or submit an application to proceed *in forma pauperis* under § 1915(a), including the required affidavit and certified trust fund statement from his prison's cashier. (January 3, 2017 Order, ECF No. 2.) Plaintiff was also cautioned that failure to comply with the Court's Order would result in dismissal of his case. (*Id.*)

Plaintiff filed an Application to Proceed *In Forma Pauperis* on January 22, 2018. (ECF

No. 3.) However, this application failed to comply with the Court's previous instructions. As the Court indicated in its Second Deficiency Order (ECF No. 4), Plaintiff failed to include a certified copy of his prison trust fund account statement. (*Id.* at 2.) In its September 25, 2017 Order, the Court directed Plaintiff to "either (1) pay the $400 filing and administrative fee; or (2) comply with this Second Notice of Deficiency by filing a *completed and signed* certified copy of the prison trust fund account statement **ON OR BEFORE FEBRUARY 25, 2018**." (January 25, 2018 Order 2, ECF No. 4.) The Court again cautioned Plaintiff that failure to comply with its Order would result in dismissal of the case for want of prosecution. (*Id.*)

Plaintiff filed a second Application to Proceed *In Forma Pauperis* on February 26, 2018. (ECF No. 5). Plaintiff's documentation remained deficient because he failed to include the required statement of account showing the previous six months of transactions. Moreover, the documentation that was attached to Plaintiff's Application indicated that he had a balance of $3,288.48 in his account as of February 11, 2018. Because Plaintiff's documentation was both deficient and indicated that he could pay the filing fee, the Court directed him to "either pay the Court's $400.00 filing fee or submit the proper documentation showing that he is unable to pay the fee **WITHIN THIRTY DAYS**." (April 11, 2018 Order 2, ECF No. 9.) The Court again cautioned Plaintiff that failure to comply with its Order would result in dismissal of the case for want of prosecution. (*Id.*)

To date, Plaintiff has failed to comply with the Court's April 11, 2018 Order. He has neither paid the filing fee nor submitted proper documentation showing that he is unable to pay the fee.

**II.**

Under the circumstances presented in the instant case, the Undersigned recommends

dismissal of Plaintiff's action pursuant to Rule 41(b). The Court's inherent authority to dismiss a plaintiff's action with prejudice because of his failure to prosecute is expressly recognized in Rule 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *Link v. Walbash R.R. Co.*, 370 U.S. 626, 629–31 (1962). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal citations omitted).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

**III.**

Here, Plaintiff has failed to comply with three separate Court Orders instructing him to either pay the $400 filing fee or submit a signed affidavit accompanied by a completed certified prisoner trust fund statement. (*See* ECF Nos. 2 & 4.) Moreover, the Court explicitly cautioned

3

Plaintiff in all three Orders that failure to comply would result in dismissal of this action for failure to prosecute pursuant to Rule 41(b). *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or the lack thereof, is . . . a key consideration" in whether dismissal under rule 41(b) is appropriate). Plaintiff's failure to timely comply with the clear orders of the Court, which established reasonable deadlines for compliance, constitutes bad faith or contumacious conduct. *See Steward v. Cty. of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001) (concluding that a plaintiff's failure to comply with a court's order "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal"). Because Plaintiff has missed deadlines and disregarded Court orders, the Undersigned concludes that no alternative sanction would protect the integrity of the pretrial process. Nevertheless, the Undersigned concludes that dismissal with prejudice and requiring Plaintiff to pay the filing fee is too harsh a result.

It is therefore **RECOMMENDED** that the Court **DISMISS THIS ACTION WITHOUT PREJUDICE** under Rule 41(b). It is further **RECOMMENDED** that the Court not assess the filing fee in this matter. Finally, it is **RECOMMENDED** that the Court order Plaintiff to list 2:17-cv-1053 as a related case if he re-files this action.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in

part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

   /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE